UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>            Plaintiff,<br><br>   v.<br><br>WITCHER, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:05-CV-01246-OWW-DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. OBJECTIONS DUE WITHIN 30 DAYS.<br><br>(Doc. 10) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint on September 30, 2005. The court dismissed the complaint with leave with to amend on September 18, 2006. Plaintiff filed an amended complaint on October 18, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
4 and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.
5 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
6 and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a
7 complaint only if it is clear that no relief could be granted under any set of facts that could be proved
8 consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately
9 prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
10 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
11 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
12 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
13 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
14 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a
15 plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal
16 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
17 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
18 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19       B.     Summary of Plaintiff's Amended Complaint

20       The events at issue in this action allegedly occurred at California Correctional Instituion,
21 where plaintiff was previously incarcerated. Plaintiff names Chief Deputy Warden Winette;
22 Associate Warden Witcher, Captain Meadors, Correctional Lieutenants Galvan, Sampson and
23 Traynham; Correctional Sergeants Mack, Reed and Bouville; and Correctional Officers Granillo,
24 Reed, Duran, Peterson, Bowman, Cotton, Julie B., Jordan, Lopez and Jackson as defendants.
25 Plaintiff is seeking monetary damages.

26       Plaintiff alleges that from June 5, 2002 to March 27, 2003, he was kept in filthy conditions
27 including being forced to sleep in the nude on the cold floor, being housed in a cell where the
28 average temperature was forty degrees and in close proximity to human waste, and being denied

toiletries. Plaintiff alleges these conditions violated his Eighth and Fourteenth Amendment rights. Plaintiff alleges that defendants had direct knowledge of these unconstitutional conditions and were negligent because they failed to take appropriate remedial action. As a result, Plaintiff suffered sleeplessness, muscle cramps, body chills, and lower back and neck pain. He is seeking compensatory and punitive damages.

C.   Discussion

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff alleges that defendants violated his Eighth Amendment rights and his due process rights under the Fourteenth Amendment. The Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and "cover[s] a substantive sphere as well, 'barring certain government actions regardless of the fairness of the procedures used to implement them.'" County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). "'The touchstone of due process is protection of the individual against arbitrary action of government.'" Id. at 845 (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)). "[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized

as arbitrary, or conscience shocking, in a constitutional sense." Id. at 847 (quoting Collins v. Harker Heights, 503 U.S. 115, 128 (1992)). "[T]he due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." Id. at 848. "[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." Id. at 849. However, "[t]o establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs plaintiff's claims. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff was advised in the court's last order that to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Plaintiff's amended compliant fails to articulate specifically how these conditions violated his Eighth or Fourteenth Amendment rights. Further,

4

while plaintiff groups the defendants together and makes broad allegations that the defendants acted with deliberate indifference by promoting unconstitutional conditions and policies, he fails to articulate any acts or omissions sufficient to establish what defendant, if any, violated his constitutional rights.

Plaintiff was also previously advised that under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

In this instance, plaintiff has not alleged any facts that support a claim that defendants acted with deliberate indifference toward plaintiff. Similarly, plaintiff has not indicated how any of the defendants knew of the violations and failed to prevent them, or what specific policies, if any, were deficient resulting in constitutional violations. Accordingly, the court finds that plaintiff's allegations fail to give rise to a claim for relief under section 1983 for a violation of the Eighth Amendment. Similarly, because plaintiff has not alleged any facts that link the named defendants to conduct that can be characterized as conscience shocking, and because plaintiff's claims would be more appropriately addressed under an Eighth Amendment challenge, the court finds that plaintiff's allegations fail to give rise to a claim for relief under section 1983 for violation of the Due Process Clause of the Fourteenth Amendment.

D.      Conclusion

The court finds that plaintiff's amended complaint does not contain any claims upon which relief may be granted under section 1983 or state law.  Plaintiff was previously notified of the deficiencies in claim but was unable to cure them.  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed as follows for failure to state a claim upon which relief may be granted:

1.      Plaintiff's Eighth and Fourteenth Amendment claims be dismissed, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 9, 2007**                             /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE