UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | 1:05-cv-01246-AWI-DLB-P |
|     Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 16) |
| vs. | **ORDER DISMISSING ACTION** |
| WITCHER, et al., | |
|     Defendants. | |

Plaintiff, Carlos Hendon ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 10, 2007, the Magistrate Judge filed Findings and Recommendations that recommended the complaint be dismissed for failure to state a claim.  The Findings and Recommendations were served on Plaintiff and contained notice to Plaintiff that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On June 6, 2007, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

1  In accordance with the provisions of 28 U.S.C.
2 § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a
3 de novo review of this case.  Having carefully reviewed the
4 entire file, the Court finds the Findings and Recommendations to
5 be supported by the record and by proper analysis.  The
6 objections do not provide a basis to not adopt the Findings and
7 Recommendations.
8  In the objections Plaintiff contends that the amended
9 complaint states a claim and gives sufficient notice to
10 defendants under Rule 8's liberal pleading standard.  The
11 complaint alleges that all Defendants had direct knowledge of the
12 unconstitutional conditions that Plaintiff was housed in or
13 promoted the policies that resulted in the unconstitutional
14 conditions.  The complaint alleges that Defendants failed to
15 take appropriate action to remedy the unconstitutional
16 conditions.
17  When dismissing the prior complaint, the Magistrate Judge
18 gave Plaintiff notice of the requirements for an Eighth Amendment
19 violation and notice that the Defendants had to be linked to the
20 violation.  See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)
21 (if court determines that complaint fails to state claim, leave
22 to amend may be granted to extent that complaint's deficiencies
23 can be cured); Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir.
24 1987) (prisoner must be given notice of deficiencies and
25 opportunity to amend prior to dismissing for failure to state a
26 claim).  In the amended complaint, Plaintiff has not provided
27 Defendants with sufficient information to respond to the
28 complaint.  The complaint does not state how the Defendants knew

of the conditions, what policies Defendants promulgated, or what Defendants could have done to change the conditions.  The court recognizes that a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002).  However, while detailed allegations in a complaint are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).  Plaintiff has failed to do so.

  Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 10, 2007, are ADOPTED IN FULL; and,
2. This action is DISMISSED, as follows, for failure to state a claim upon which relief may be granted:
   a. Plaintiff's Eighth and Fourteenth Amendment claims are DISMISSED, with prejudice.

IT IS SO ORDERED.

**Dated:   August 4, 2007**          /s/ Anthony W. Ishii
              UNITED STATES DISTRICT JUDGE

3